## ELIJAH EVANS *v.* JAMES MADISON WILKINSON.

The purchase by one who had acted as the attorney at law of defendant, of a good and valid title to the land in controversy, from persons not parties to the litigation concerning it, is not such a purchase of a litigious right, as is declared to be null by art. 2422 of the Civil Code.

APPEAL from the District Court of Madison, *Curry*, J. The plaintiff is appellant from a judgment rendered, in accordance with the verdict of a jury, decreeing the land in dispute to be the property of the intervenor, George W. Copley.

*Stacy*, for the appellant.

*Dunlap*, for the defendant.

*Copley, pro se.*

BULLARD, J. Elijah Evans, the plaintiff, sets forth in his petition, that he is the true and legal owner of a certain lot of land, known as lot or fractional section No. 18, in Township No. 16, of Range No. 12 east, containing one hundred and sixty acres, more or less, which he acquired by entry at the Land Office at Ouachita, in 1833, in virtue of a pre-emption claim, under the act of Congress, of 1829 ; and, that notwithstanding the premises, one James M. Wilkinson has taken possession of the same, and claims it as owner. He prays that Wilkinson may be cited, and condemned to surrender the land, and to pay damages, and for general relief. In an amended petition, he prays for judgment upon the title, and that the land may be decreed to belong to him.

The defendant, in his answer, denies that he is in possession of any land belonging to the plaintiff. He asserts, that he holds the land in the right of his wife Rebecca Houston, and the minor children of Alexander Houston. He avers that the land was con-

veyed by the plaintiff to the said Alexander Houston, deceased, the former husband of the said Rebecca, by deed dated in 1832.

There is an answer in the record to the amended petition, signed by Downs, Copley, and Dunlap as counsel for the defendant.

After the cause had been pending more than two years, George W. Copley filed his petition of intervention, and represented, that on the 9th of March, 1840, *pendente lite*, Osborn & Ward, of Catahoula, entered at the land Land Office the same lot No. 18, Township 16, of Range 12 east, and on the 23d of the same month, conveyed the same to him. He prays that the land may be decreed to be his, and that he may be put in possession of the same.

The duplicate receipt of the Receiver of public moneys for the price of the lot paid by Osborn & Ward, and their conveyance to Copley, are both annexed to his petition. On the 9th of April, 1841, Jesse Stanborough also intervened, and claimed title to the same land. He alleges, that he acquired title from James S. Douglass, by act under private signature, dated in November, 1835, and that Douglass acquired title by purchase from Elijah Evans, the plaintiff.

This last intervenor, excepting to the intervention of Copley, alleges, that the right to the land in dispute was, at the time he purchased, a litigious right, and had been so since 1839, the inception of this suit ; that Copley was, and still is a public officer, to wit, an attorney at law, and is the attorney of record of the defendant in this case ; and that he was, therefore, incapable of purchasing the same, and his title is a nullity ; and he prays, that the title may be adjudged to belong to the intervenor.

It appears that Evans was allowed to locate a *float* upon the lot in question, which contained one hundred and sixty acres ; that he sold one-half to Houston, and the other half to Douglass, who sold to Stanborough ; that afterwards, the Commissioner of the General Land Office cancelled and annulled the entry, on the ground, that a float for eighty acres could not legally be located on what is called a river lot, containing about one hundred and sixty acres, which had been laid off under the act of Congess of 1811, which provided for the anomalous survey of lots on water

courses, with a depth of forty acres ; and that Osborn & Ward afterwards purchased the same lot of the government, and sold to G. W. Copley, the intervenor, who gave in evidence a patent from the United States.

Upon the question of title, therefore, according to the evidence in the record, we have no doubt. The patent must prevail, and the judgment be affirmed, awarding the land to Copley, unless we should be of opinion, that the exception of Stanborough, praying that Copley's purchase may be declared null, as that of a litigious right, he being the attorney of record of the original defendant, ought to be sustained.

If the client of Copley had set up a similar exception, complaining of his act, and had insisted that the purchase made by the attorney should accrue to his benefit, on his paying what it had really cost, according to article 2622 of the Civil Code, it would have presented a different question. But the exception of Stanborough is based upon a different provision of the code, contained in article 2422, which provides, that " public officers connected with courts of justice, such as Judges, Advocates, Attorneys, Clerks, and Sheriffs, cannot purchase litigious rights which fall under the jurisdiction of the tribunal in which they exercise their functions, under penalty of nullity, and of having to defray all costs, damages, and interest."

We are not prepared to say that the purchase by Copley of a good and valid title to the tract of land in controversy, from persons not parties to the litigation concerning it, was such a purchase by an attorney at law, or other officer of the court, of a litigious right, as the code declares null. The right in litigation in the case, was the title to the tract of land under the original purchase of Evans. The title acquired by Copley's vendors was from the United States, after the entry of Evans had been cancelled. We think the purchase here shown, is not such as is contemplated by that article of the code, and, that such a contract as the present, cannot be declared null, under that provision of the code. We understood 'Mr. Copley to say, in the course of the argument, that his purchase was intended for the benefit of his clients, and we hope, for the honor of the profession, it may turn out to be the case.

The evidence shows clearly, that Copley has the best title to the *locus in quo*.

*Judgment affirmed.*